UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HASAN R. EDMONDS and<br>JONAS M. EDMONDS | No. 15 CR 149<br><br>Judge John Z. Lee |

### GOVERNMENT'S MEMORANDUM OF POINTS AND AUTHORITIES REGARDING PRETRIAL CONFERENCE PURSUANT TO THE CLASSIFIED INFORMATION PROCEDURES ACT

**I.  PRELIMINARY STATEMENT**

The government respectfully submits this memorandum of points and authorities to apprise the Court of the applicability of the Classified Information Procedures Act, 18 U.S.C. App. III ("CIPA"), to matters relating to classified information that may arise in connection with this case.

**II.  BACKGROUND**

Similar to other cases in which classified information may be implicated, the government herein provides the Court with a description of the procedures mandated by CIPA for protecting classified information. CIPA "'is essentially a procedural tool' for a court to address the relevance of classified information before it may be introduced." *United States v. Abu Marzook,* 412 F.Supp.2d 913, 917-18 (N.D. Ill. 2006) (quoting *United States v. Dumeisi,* 424 F.3d 566, 578 (7th Cir. 2005)). The fundamental purpose of CIPA is "protecting and restricting the discovery of classified information in a way that does not impair the defendant's right to a fair

trial." *United States v. O'Hara,* 301 F. 3d 563, 568 (7th Cir. 2002).

### A. Pretrial Conferences, Protective Orders, and Discovery Under CIPA

#### 1. <u>Pretrial Conferences</u>

Pursuant to CIPA Section 2, "[a]t any time after the filing of the indictment or information, any party may move for a pretrial conference to consider matters relating to classified information that may arise in connection with the prosecution." 18 U.S.C. App. III § 2. After such a motion is filed, "or on its own motion, the court shall promptly hold a pretrial conference to establish the timing of requests for discovery, the provision of notice required by Section 5 of [CIPA], and the initiation of the procedure established by Section 6 of [CIPA]." *Id.* The pretrial conference may be held with the government *in camera* and *ex parte* if necessary. *See United States v. Rosen*, 2005 WL 5925549 (E.D. Va 11/5/2005) (unreported decision).

#### 2. <u>Protective Orders</u>

Pursuant to CIPA Section 3, upon the government's motion, "the court shall issue an order to protect against the disclosure of any classified information disclosed by the United States to any defendant in any criminal case...." 18 U.S.C. App. III § 3. The key Senate Report on CIPA, issued by the Senate Committee on the Judiciary, provides that the terms of a protective order may include, but need not be limited to, provisions:

> (1) prohibiting the disclosure of the information except as authorized by the court; (2) requiring storage of material in a manner appropriate for the level of classification assigned to the documents to be disclosed: (3) requiring controlled access to the material during normal business hours and at other times upon reasonable notice; (4) requiring the

maintenance of logs recording access by all persons authorized by the court to have access to the classified information in connection with the preparation of the defense; (5) requiring the making and handling of notes taken from material containing classified information; and (6) authorizing the assignment of government security personnel and the provision of government storage facilities.

S. Rep. No. 96-823 at 6, reprinted in 1980 U.S.C.C.A.N. 4294, 4299.

### 3. Discovery of Classified Information by the Defendant

While CIPA does not alter the government's discovery obligations, through the provisions of Section 4, it provides a procedural mechanism to protect classified information, including classified sources and methods, while at the same time protecting a defendant's due process rights. Pursuant to Section 4, "[t]he court, upon a sufficient showing, may authorize the United States to delete specified items of classified information from documents to be made available to the defendant through discovery under the Federal Rules of Criminal Procedure, to substitute a summary of the information for such classified documents, or to substitute a statement admitting the relevant facts that classified information would tend to prove." 18 U.S.C. App. III § 4.

Similar to Fed. R. Crim. P. 16(d)(1), Section 4 of CIPA permits the United States to demonstrate that the use of such alternatives is warranted through an *in camera, ex parte* submission to the Court. *See United States v. Rezaq*, 134 F.3d 1121, 1142 (C.A.D.C. 1998); *United States v. Yunis*, 867 F.2d 617, 622-23 (D.C. Cir. 1989); *United States v. Sarkissian*, 841 F.2d 959, 965 (9th Cir. 1988); *United States v. Pringle*, 751 F.2d 419, 427 (1st Cir. 1984). CIPA's legislative history makes clear that the Court may take national security interests into account in determining

3

whether to permit discovery to be denied, restricted, or deferred. S. Rep. No. 96-823, at 6 (*reprinted in* 1980 U.S.C.C.A.N. 4294, 4299-4300); *United States v. Smith*, 780 F.2d 1102, 1110 (4th Cir. 1985) (holding that defendant's right to discovery must be balanced against public's interest in non-disclosure); *Pringle*, 751 F.2d at 427.

### B. Notice of Defendant's Intent to Disclose and Pretrial Evidentiary Rulings

There are three critical pretrial steps in the handling of classified information should the defendant reasonably expect to disclose, or cause the disclosure of classified information.

First, pursuant to Section 5(a) of CIPA, the defendant must specify the precise classified information he reasonably expects to disclose or to cause the disclosure of "in any manner in connection with any trial or pretrial proceeding...." *See, e.g., United States v. Wilson*, 750 F.2d 7, 9 (2d Cir. 1984); *United States v. Collins*, 720 F.2d 1195, 1199-1200 (11th Cir. 1983).

Second, the Court, upon motion of the government, shall hold a hearing pursuant to Section 6(a) to determine the use, relevance, and admissibility of the proposed evidence. At the Section 6(a) hearing, the Court hears the defense proffer and the arguments of counsel, then rules whether the classified information identified by the defense is relevant under Rule 401 of the Federal Rules of Evidence. *Smith*, 780 F.2d at 1106; *see generally Yunis*, 867 F.2d at 622. The Court must also determine whether the evidence is cumulative, "prejudicial, confusing, or misleading," so that it should be excluded under Rule 403 of the Federal Rules of Evidence. *See Wilson*, 750 F.2d at 9. At the conclusion of the Section 6(a) hearing,

4

the Court must state in writing the reasons for its determination as to each item of classified information.

Third, following the Section 6(a) hearing and formal findings of admissibility by the Court, the United States may move to substitute an admission of relevant facts or summaries for classified information that the Court rules is admissible. The Court must grant the motion for substitution "if it finds that the statement or summary will provide the defendant with substantially the same ability to make his defense as would disclosure of the specific classified information." 18 U.S.C. App. III § 6(c)(1).

If the Court determines that the item of classified information at issue is relevant and admissible and denies the government's motion for substitution, Section 6(e)(1) of CIPA permits the government to object to the classified information's disclosure. 18 U.S.C. App. III § 6(e)(1). In such cases, the Court "shall order that the defendant not disclose or cause the disclosure of such information." *Id.* Section 6(e) then sets forth a sliding scale of remedies that the Court may impose in such a case. *Id.* at § 6(e).

C. **Rules Governing Introduction of Classified Information**

In order to prevent "unnecessary disclosure" of classified information, CIPA Section 8(b) permits the Court to order admission into evidence of only a part of a writing, recording, or photograph. Alternatively, the Court may order into evidence the entire writing, recording, or photograph with all or part of the classified information contained therein excised. Excision of such classified information may

5

not be authorized, however, if fairness requires that the whole document, recording, or photograph be considered.

Section 8(c) establishes a procedure for addressing the problems that may emerge during the taking of testimony from a witness who possesses classified information not previously found to be admissible. If a defendant reasonably expects that a question or a line of inquiry would result in disclosure of classified information, CIPA mandates that he or she give the United States notice under Section 5 of the Act; Section 8(c), in effect, serves as a supplement to the Section 6(a) procedures, addressing circumstances that might not have been anticipated in advance of the taking of testimony. Thus, upon objection of the United States to a defense question or line of inquiry not covered in a Section 6(a) proceeding, the Court must take suitable action to avoid the improper disclosure of classified information by a witness.

### D. Security Procedures

Section 9 of CIPA required the Chief Justice of the United States to prescribe security procedures for the protection of classified information in the custody of federal courts. On February 12, 1981, Chief Justice Burger promulgated these procedures, and they are found immediately following Section 9.

### E. Existence of Classified Material Possibly Subject to Disclosure

In the instant case, classified material may exist that could be subject to disclosure in advance of trial under applicable rules, statutes, and/or case law. The disclosure of such material would raise issues of national security that the

government will address with the court in a CIPA Section 4 filing. At that pretrial conference, pursuant to CIPA Section 2, the government will be prepared to report to the Court the universe of classified material gathered by the government during this investigation and the government's proposed plan to address its discovery obligations, as well as for the filing of any motions pursuant to CIPA Section 4.

          Respectfully submitted,
          ZACHARY T. FARDON
          United States Attorney

By: */s/Barry Jonas*
   BARRY JONAS
   JOHN KNESS
   Assistant U.S. Attorneys
   219 South Dearborn Street, Fifth Floor
   Chicago, Illinois 60604
   (312) 353-5300

Dated: April 13, 2015