UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HASAN R. EDMONDS and<br>JONAS M. EDMONDS | No. 15 CR 149<br><br>Judge John Z. Lee |

**UNOPPOSED PROTECTIVE ORDER GOVERNING DISCOVERY**

WHEREAS, the parties agree that they have a compelling interest in preventing certain sensitive but declassified discovery materials from being disclosed to anyone not a party to the court proceedings in this matter; such material may include information relevant to ongoing national security investigations and prosecutions; and such materials may implicate the privacy interests of the defendant and third parties;

AND WHEREAS, the government may tender to the defendant certain declassified materials in this case. As used herein, the term "Declassified Materials" refers to any and all classified documents, materials, and information that have been marked as declassified and provided by the government to defense counsel as part of discovery in this case;

AND WHEREAS, the parties further agree that the Court has the power under Fed. R. Crim. P. 16(d)(1) and 26.2 to grant appropriate relief to the parties where required in the interests of justice;

THEREFORE, IT IS HEREBY ORDERED pursuant to Rule 16(d) of the Federal Rules of Criminal Procedure that the government shall segregate the discovery materials it produces to the defendant and his counsel of record into two categories: (1) Sensitive Discovery Materials,[1] and (2) General Discovery Materials.[2] The category to which particular discovery materials belong shall be clearly identified by the government;

IT IS FURTHER ORDERED that, except as provided below, General Discovery Materials shall not be further disseminated[3] by the defendants or their counsel of record to any individuals, organizations or other entities, other than: (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); and (ii) experts retained to assist in the preparation of the defense. Members of the defense team may show (but not provide copies of) any General Discovery Materials to witnesses or potential witnesses during the course of their investigation of this case. Each of the individuals to whom disclosure is made pursuant to the above provisions shall be provided a copy of this protective order and will be advised that he or she shall

---

[1] "Sensitive Discovery Materials" includes all declassified information, and all declassified materials that were a product of physical searches or electronic surveillance authorized pursuant to the Foreign Intelligence Surveillance Act of 1978, 50 U.S.C. § 1801-1811, 1821-1829, (FISA) that are reviewed by or made available to the defendant or defense team in this case. Such declassified materials shall be collectively referred to as "Declassified Materials."

[2] "General Discovery Materials" includes all items not designated as Sensitive Discovery Materials.

[3] "Disseminated" means to provide, show or describe to another either a particular piece of discovery or quotations, excerpts, or summaries derived therefrom.

not further disseminate the materials except by the express direction of counsel of record or co-counsel;

IT IS FURTHER ORDERED that Sensitive Discovery Materials shall not be further disseminated by the defendants or their counsel of record to any individuals, organizations or other entities, other than (i) members of the defense team (co-counsel, paralegals, investigators, translators, litigation support personnel, the defendant, and secretarial staff); (ii) counsel for co-defendant who has received the identical Sensitive Discovery Materials; and (iii) experts retained to assist in the preparation of the defense. Sensitive Discovery Materials shall be limited to records and information that has been declassified. Notice of proposed dissemination to defense experts shall be provided to the Court *ex parte* and under seal. Each of the individuals to whom disclosure is made pursuant to the above provision shall be provided a copy of this protective order and will be advised that he or she shall not further disseminate the materials except by the express direction of counsel of record or co-counsel. The government shall provide copies of any Sensitive Discovery Material appropriately so marked. It is expressly understood that counsel for the defendants or co-counsel may not disseminate any of such Sensitive Discovery Materials to witnesses or potential witnesses. The defendants may seek relief from these provisions as to a particular item or items of discovery with the agreement of the government or by providing notice to the Court of intent to disseminate particular identified item(s) to a witness and the purpose in doing so. The Notice shall be under seal. No disclosure of the item(s) to the witness(es) shall

be made until the Court so permits. The Court, after notifying the defense, may consult with the Government regarding any dissemination requests pursuant to this paragraph;

IT IS FURTHER ORDERED that no General Discovery Material or Sensitive Discovery Material shall be disseminated to any member of the defense team, as defined above, expert witness retained by the defense team, or any duly authorized witness unless that person shall first have signed the Memorandum of Understanding in the form attached hereto, agreeing to comply with the terms of this Order. The signed Memorandum of Understanding shall be filed with the Court under seal. The substitution, departure, or removal for any reason from this case of counsel for the defendants, or anyone associated with the defense teams shall not release that person from the provisions of this Order or the Memorandum of Understanding executed in connection with this Order;

IT IS FURTHER ORDERED that all discovery materials, whether general or sensitive, in this case are now and will forever remain the property of the United States Government. At the conclusion of this case, all discovery materials shall be destroyed or maintained under secure conditions by defense counsel. Upon written request of the Government, all discovery materials shall be returned to the Government;

IT IS FURTHER ORDERED that defense counsel in receipt of Declassified Materials may only make copies of the Declassified Materials in accordance with this order. Defense counsel shall not remove from any copies of either General

Discovery Materials or Sensitive Discovery Materials any inscription made by the Government identifying the materials as: "U.S. Government Property" and "May Not Be Used Without U.S. Government Permission";

IT IS FURTHER ORDERED that all discovery materials are to be provided to the defense, and used by the defense, solely for the purpose of allowing the defendant to prepare his defense;

IT IS FURTHER ORDERED that no party shall make, or participate in the making of, any extrajudicial disclosure of any discovery materials for dissemination by means of public communication, unless such materials are (or become) public record, including but not limited to, trial transcripts, documents that have been received in evidence at other trials, or documents that are otherwise properly placed in the public domain;

IT IS FURTHER ORDERED that any papers to be served upon the Court by any party which include Sensitive Discovery Materials or refer to the contents of Sensitive Discovery Materials shall be filed under Seal and pursuant to the local rules of the United States District Court for the Northern District of Illinois.

IT IS FURTHER ORDERED that any papers to be served upon the Court in response to papers served in conformity with the preceding paragraph also be filed under seal;

IT IS FURTHER ORDERED that counsel shall store all Sensitive Discovery Materials, and any copies thereof, in a secure place;

IT IS FURTHER ORDERED that notwithstanding any other provision of this or any other Protective Order that may be entered by the Court, the disclosure or discovery of materials that may be submitted to the Court in connection with any FISA-related litigation, including but not limited to any FISA applications, orders, or related materials, shall be governed by FISA;

IT IS FURTHER ORDERED that any papers filed by the government pursuant to the Classified Information Procedures Act containing classified information shall be filed under seal and *ex parte* with the Court through the Classified Information Security Officer or a designee of his choosing who possesses the necessary security clearance. The date and time of physical submission to the Classified Information Security Officer or an appropriately cleared designee of the District Court's staff shall be considered the date and time of the filing. At the time of making a physical submission to the Classified Information Security Officer or a designee, counsel shall file on the public record in the CM/ECF system a notice of filing. This notice should contain only the case caption and the unclassified title of the filing. In accordance with the provisions of Classified Information Protection Act and the Security Procedures, the Court designates Daniel O. Hartenstine as Classified Information Security Officer for this case, and Jennifer H. Campbell, Branden M. Forsgren, Joan B. Kennedy, Michael P. Macisso, Maura L. Peterson, Carli V. Rodriquez-Feo, Harry J. Rucker, and W. Scooter Slade as Alternate Classified Information Security Officers;

IT IS FURTHER ORDERED that nothing in this Order shall preclude the government or the defendants from seeking a further protective order pursuant to Rule 16(d) as to particular items of discovery material; and

FINALLY, IT IS ORDERED that this Order is entered without prejudice to either party's right to seek a revision of the Order by appropriate motion to the Court.

ENTER:

John Z. Lee
District Judge
United States District Court
Northern District of Illinois

Date: April 15, 2015

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HASAN R. EDMONDS and<br>JONAS M. EDMONDS | No. 15 CR 149<br><br>Judge John Z. Lee |

## MEMORANDUM OF UNDERSTANDING

I, _____, acknowledge that I have received, read, and understand the Protective Order entered by the Court on _____, 2015, in this case, and I agree to comply with its. I understand that I may be the recipient of certain discovery material, including documents marked as General Discovery Materials and Sensitive Discovery Materials (collectively "the Discovery Materials"), that may include information relevant to ongoing national security investigations and prosecutions, and may implicate the privacy interests of the defendant and third parties. I understand that direct or indirect unauthorized disclosure, retention, or negligent handling of the Discovery Materials I receive or review could cause serious damage to the other national security investigations and prosecutions, and/or impact the privacy interests of the defendant or third parties.

I agree that I shall never divulge, publish, or reveal either by word, conduct, or any other means, such Discovery Materials unless specifically authorized in writing to do so by an authorized representative of the United States Government; or

as authorized by the Court pursuant the Protective Order entered in this case.

I agree that this Memorandum and any other nondisclosure agreement signed by me in connection with this case will remain forever binding upon me, even after the conclusion of this case and any subsequent related proceedings including the appellate process.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge, information and belief.

_____
Name

_____
Signature

_____
Witness Name

_____
Witness Signature

_____
Date